IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **FREDERICK BERNARD DANIELS,** | § | |
| **Plaintiff,** | § | |
| v. | § | |
| | § | A-25-CV-1076-ADA-ML |
| **LAZ PARKING,** | § | |
| **Defendant.** | § | |

**REPORT AND RECOMMENDATION**

TO THE HONORABLE ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE:

The court previously granted Plaintiff Frederick Bernard Daniels's request to proceed *in forma pauperis*. However, having reconsidered Daniels's Complaint (Dkt. 1) and More Definite Statement (Dkt. 6), the undersigned now recommends Daniels's Complaint be dismissed without prejudice.[1]

## I.   REVIEW OF THE MERITS OF THE CLAIM

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the court is required by statute to review the Complaint. Section 1915(e)(2) provides in relevant part that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, (1989); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327.

---

[1] The Magistrate Judge submits this Report and Recommendation to the United States District Judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-28.

*Pro se* complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 20-21 (1972). However, *pro se* status does not offer a plaintiff an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Daniels sued LAZ Parking under Title VII of the Civil Rights Act of 1964 for employment retaliation, harassment, and discrimination. *See* Dkt. 1. Daniels's Complaint consisted of checkbox opinions and one list of allegations that stated, "reported verbal abuse racial, the investigation was poor to non-existence, terminated for policy that [was not] equally enforced with all employees." Dkt. 1 at 3. Accordingly, the undersigned ordered Daniels to provide a more definite statement.[2] Dkt. 4. In his response to the court's order, Daniels included two sentences alleging his employer created a hostile work environment, he was retaliated against, and he was called a racial slur. Dkt. 6 at 1. These statements on their own are conclusory, and Daniels did not allege any facts to support them. *See* Dkt. 6. Therefore, Daniels did not sufficiently plead all the elements of his claims under Title VII. *See id.* at 1-2; *see Kan v. OneWest Bank, FSB*, 823 F. Supp. 2d 464, 468 (W.D. Tex. 2011) ("For a complaint to meet the pleading requirements of Rule 8(a)(2) . . . the following conditions must be met: (1) every element of each cause of action must be supported by specific factual allegations; and (2) the complaint must state a plausible claim for relief."). Accordingly, the undersigned finds that Daniels failed to state a claim on which relief may be granted and recommends that his Complaint be dismissed without prejudice.

---

[2] Daniels did include a Notice of Right to Sue from the EEOC with his Complaint. Dkt. 1-2.

## II.  ORDER AND RECOMMENDATIONS

The undersigned hereby **RECOMMENDS** the District Judge **DISMISS WITHOUT PREJUDICE** Plaintiff's cause of action pursuant to 28 U.S.C. § 1915(e)(2)(B).

The referral of this case to the Magistrate Judge should now be **CANCELED**.

## III.  WARNING

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

SIGNED October 6, 2025.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE